In the

# United States Court of Appeals

## For the Seventh Circuit

No. 21-2675

WILLIE FLOWERS,

*Plaintiff-Appellee,*

*v.*

NICHOLAS RENFRO,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 3:18-cv-03250-RM-TSH — **Richard Mills**, *Judge.*

ARGUED FEBRUARY 24, 2022 — DECIDED AUGUST 19, 2022

Before ROVNER, KIRSCH, and JACKSON-AKIWUMI, *Circuit Judges*.

ROVNER, *Circuit Judge*. Springfield, Illinois police officer Nicholas Renfro asserts that the doctrine of qualified immunity bars Willie Flowers' suit against him for excessive use of force during an arrest. Because the district court held that there are genuine issues of disputed fact that are material to Flowers' claim against Officer Renfro, and the reasonableness of the use of that force would inform a decision on qualified

immunity, we lack jurisdiction to hear this appeal from the district court's denial of summary judgment.

## I.

We recite the facts in the light most favorable to Flowers, as we must at the summary judgment stage. *Torres v. Madrid*, 141 S. Ct. 989, 994 (2021). Were this fiction, we might be accused of writing the most hackneyed of plots: In the small hours of the morning, in a bar called Dirty South, located in a rough part of town, a man grabs the rear end of another man's girlfriend, and a kerfuffle ensues. Fortunately, unlike in the old western movie saloons, the altercation was not a physical one. Instead, the owner of the bar asked both patrons, Flowers and the rear-grabber, to leave. After Flowers protested, one bouncer told Flowers he had to leave, but another told him he could remain. Nevertheless, Flowers left the bar accompanied by a third bouncer and Officer Terrance Davis, an off-duty police officer employed as a security guard at the bar. While Flowers waited outside in the parking lot for his girlfriend to join him, he and Officer Davis discussed why Flowers had been asked to leave the bar. As they talked, Officer Renfro, another off-duty police officer employed as part of the security team at Dirty South, without any warning or provocation, grabbed Flowers from behind and slammed him to the pavement face first, knocking out Flowers' tooth. Officer Renfro then placed Flowers under arrest. At the time Renfro brought Flowers to the ground, Flowers was not verbally or physically threatening the officers, and was not showing any indication that he would resist if the officers told him he was under arrest. Officer Renfro admitted that Flowers never made a fist, got into a fighting stance, took a swing at any officer, or made any verbal threats. The only conduct that Officer Renfro

claims justified slamming Flowers to the ground was that Flowers questioned the command to leave the bar and then once outside, turned around to face Officer Davis "man to man" or "face to face" within one to two feet of him. Flowers, however, disputes that he ever turned to face Officer Davis in an aggressive manner, or that he turned to face him at all. He claims the two of them had exited the bar talking and were standing face to face the whole time. R. 26 at 2 (*citing* R. 26-1 at 13 (Flowers Dep. p. 47)).

Flowers eventually filed suit against the City of Springfield, Officer Renfro, and Officer Davis for excessive use of force under 42 U.S.C. § 1983, for state law battery against Officers Renfro and Davis, and for state law respondeat superior and indemnification claims against the City. The defendants moved for summary judgment asserting that the officers did not violate Flowers' civil rights and were entitled to qualified immunity. The district court granted summary judgment for Davis and for the City of Springfield on all of the claims based on Davis' conduct, and denied summary judgment for the claims against Renfro as well as the relevant state law claims against the City that were based on Renfro's conduct. Renfro appeals only the district court's finding that he was not entitled to qualified immunity.

## II.

As a court of appeals, our jurisdiction is limited to final appealable decisions. 28 U.S.C. § 1291. As a general rule, a district court's denial of a motion for summary judgment is a nonappealable interlocutory order. *Ortiz v. Jordon*, 562 U.S. 180, 188 (2011). Such an order is, after all, a court saying that there is more to be done—that is, factual issues that must be determined at trial. The Supreme Court has recognized a

limited exception to this rule when a court denies summary judgment on the ground that the defendants are not entitled to qualified immunity. *Id.* "Because qualified immunity protects the public officer from the expense and distraction of having to stand trial when the conduct in question did not violate clearly established law, the unavailability of an immediate interlocutory appeal" would take away the very benefit that qualified immunity was created to provide. *Bayon v. Berkebile*, 29 F.4th 850, 853 (7th Cir. 2022). The exception to the rule, however, is a very narrow one. The denial of qualified immunity is only appealable if it turns on an issue of law. *Id.* at 854. If a determination of qualified immunity in a summary judgment motion depends on the resolution of fact questions, the order denying qualified immunity generally is not appealable. *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995) ("[W]e hold that a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial."). In short, we do not have jurisdiction to reconsider the district court's determination that there are genuine issues of material fact that preclude summary judgment on the issue of qualified immunity. *See Bayon*, 29 F.4th at 854.

When determining whether the district court's denial was based on a nonappealable factual dispute or an appealable legal question, "[w]e first review the district court's decision to see if it identifies factual disputes as the reason for denying qualified immunity. And we consider the arguments (or stipulations) offered by those appealing to see if they adopt the plaintiff's facts, or instead make a 'back-door effort' to use disputed facts." *Smith v. Finkley*, 10 F.4th 725, 736 (7th Cir. 2021). In this case we need look no further than the district court

opinion which definitively concluded that there were factual disputes preventing it from granting qualified immunity to Renfro:

> [T]he Court concludes there is a genuine issue of material fact as to whether Renfro's use of force was objectively reasonable. … Accordingly, the Court will deny the motion for summary judgment on the excessive force claim as to Renfro. … Because of these genuine issues of material fact pertaining to whether Flowers resisted and concerning the nature of the takedown, Renfro is not entitled to qualified immunity on Plaintiff's excessive force claim.
>
> …
>
> The Court has determined there is a genuine issue of material fact as to the Plaintiff's excessive force claim asserted against Officer Renfro. Because there is a factual dispute regarding Renfro's liability, the Court will deny the City's motion for summary judgment under the Illinois Tort Immunity Act to the extent that the City seeks immunity for Renfro's alleged actions.

*Flowers v. City of Springfield*, No. 18-3250, 2021 WL 3573359, at *3, 4 (C.D. Ill. Aug. 12, 2021). The district court reasoned that there were genuine issues of material fact as to whether Renfro's use of force was objectively reasonable when considering the factors that the Supreme Court identified for such an inquiry, such as "'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or

attempting to evade arrest by flight.'" *Id.* at \*2 (*quoting Graham v. Connor*, 490 U.S. 386, 397 (1989)); *see also Gupta v. Melloh*, 19 F.4th 990, 1001 (7th Cir. 2021). And because there were genuine issues of material fact as to the reasonableness of the use of force—in particular whether Flowers was resisting and how Officer Renfro effectuated the takedown—Renfro was not entitled to qualified immunity. *Id.* at \*3. It is clear that the determination of qualified immunity in this summary judgment motion depends on the resolution of fact questions, therefore the order denying summary judgment is not appealable. *See Johnson*, 515 U.S. at 319–20.

The defendant's briefs also make clear that resolution of the question of qualified immunity depends on resolving questions of disputed fact. Renfro's argument is that he used an objectively reasonable amount of force to maintain control of Flowers. To come to this conclusion, he relies on a version of the facts favorable to the defendants. For example, Officer Renfro asserts that Flowers was repeatedly told to leave the establishment, he remained until he was physically escorted out of the building, and he was informed he was under arrest but resisted by "abruptly" turning to face Officer Davis, within one to two feet of him "face to face" and "man to man." Renfro Brief at 12–13 (*citing* R. 25-1 at 68 (Flowers Dep. pp. 68, 70–71)). In addition, Renfro alleges that Flowers was given many lawful commands and continued to refuse to submit to those commands and that his "resistance and refusal to comply posed a potential threat to the safety of the officers and others." *Id.* at 13. Renfro also asserts that the force he used was "measured, brief, and appropriate to accomplish the purpose of establishing and maintaining control of the Plaintiff." *Id.* at 14.

Flowers disputes each of these points. He disputes that he was told numerous times to leave Dirty South, instead asserting that he began to leave when told. Under his version of events, he did not argue with Officer Davis and made clear to both the officer and a bouncer that he did not want any problems. He also asserts that he never turned to face Officer Davis abruptly or otherwise, as they were face to face having a discussion as they walked out the door of the establishment. Flowers denies that Officer Davis ever told him he was under arrest or asked him to turn around and place his hands behind his back. He also cites to Officer Davis' and Officer Renfro's depositions in which the officers themselves assert that he never clenched his fists, got into a fighting stance, took a swing at anyone, or made threats to anyone, and that before the takedown, the officers never told him he was under arrest or to turn around and place his hands behind his back. R. 26-3 at 20 (Renfro Dep. pp. 73, 76); R. 26-2 at 25–26 (Davis Dep. pp. 96–97); R. 26-3 at 20 (Renfro Dep. pp. 74–75).[1] In sum, he disputes that he engaged in any behavior that would indicate a lack of cooperation or a threat of any kind that could have justified Renfro's use of force.[2]

---

[1] Officer Davis testified that he did not recall whether he told Flowers that he was under arrest and agrees that it was not documented in his report. R. 26-2 at 25–26 (Davis Dep. pp. 96–97).

[2] If it is Renfro's position that Flowers made confusing or contradictory statements in his deposition, these are issues of credibility for the fact finder at trial. Although a party opposing summary judgment may not create disputes of material facts by submitting an affidavit that contradicts other sworn testimony, contradictory statements within testimony are matters of credibility for trial. *Cf. Gates v. Caterpillar, Inc.*, 513 F.3d 680, 688, n.5 (7th Cir. 2008).

Each of the factual disputes above is material and critical to the question of qualified immunity. That is because qualified immunity under § 1983 extends to police officers unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was "clearly established" at the time. *Reichle v. Howards*, 566 U.S. 658, 664 (2012). Whether an officer violated a suspect's rights depends on the reasonableness of the use of force. "This inquiry 'must be undertaken in light of the specific context of the case, not as a broad general proposition.'" *Rivas-Villegas v. Cortesluna*, 142 S. Ct. 4, 8 (2021) (internal citation omitted). A proper application of the test of reasonableness, "requires careful attention to the facts and circumstances of each particular case." *Graham*, 490 U.S. at 396. Having looked carefully at the specific facts and circumstances here, the district court found material disputes of fact, including about the actions of both Renfro and Flowers, and the reasonableness of the force used for the arrest.

The district court, of course, could not resolve these disputes of fact that would inform a decision on qualified immunity because the case stood before it on a motion for summary judgment. At summary judgment, the district court could not weigh credibility, balance the relative weight of conflicting evidence, choose between competing inferences, or resolve swearing contests. *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). It had one task only—to determine whether there were any disputes of material fact that required a trial and upon which a reasonable jury might rely to return a verdict for the nonmoving party. *Id.* The district court found that there were such disputes and denied summary judgment.

As we explained, a denial of summary judgment based on a finding of disputed fact does not fall into the narrow exception rendering nonappealable orders reviewable on qualified immunity grounds. *See Johnson*, 515 U.S. at 319–20. Because the district court found there were genuine issues of material fact as to Flowers' excessive force claim against Renfro, the district court's ruling is an interlocutory one and cannot be appealed. Instead, this appeal must be DISMISSED for lack of appellate jurisdiction.